ARTHUR BRAWER and Others, Copartners, Doing Business under the Firm Name and Style of FAYETTE SILK MILLS, Appellants, v. MENDELSON BROS. FACTORS, INC., Respondent.*

First Department, December 9, 1932.

* Modfd., 262 N. Y. 53.

James Madison Blackwell of counsel [Irving Brawer with him on on the brief; Blackwell Bros., attorneys], for the appellants.

Alexander Slater, for the respondent.

SHERMAN, J. Plaintiffs appeal from the judgment entered upon their motion and claim that they were entitled to a larger sum than $2,177.34, which is the amount allowed by the learned Special Term. Their motion proceeds under rules 113 and 114 of the Rules of Civil Practice and seeks a judgment dismissing a counterclaim contained in the answer, and awarding plaintiffs the total sum of $8,010.53, with interest, as demanded in the complaint.

Plaintiffs are merchants and defendant agreed with them to become their factor under a written contract dated July 15, 1931, whereunder a selling agent was appointed who was likewise a party to the contract and who was to make all sales of plaintiffs' merchandise; such sales were to be in the name of the selling agent; all invoices were to be payable only to defendant factor and all accounts arising from sales were assigned to and belonged to defendant.

The writing contained clauses providing for the delivery of the merchandise to the factor's premises and several other provisions customarily found in such contracts. The factor assumed the credit risk for the net amount of invoices covering merchandise sold and delivered to and accepted by the customer without dispute, provided it had approved the credit risk in writing. In the event of dispute between the customer, the sales agent and plaintiffs, the factor had the privilege of charging back the account. For its services, the factor received a commission on the net value of invoices sold and delivered through it for plaintiffs' account.

Pursuant to a privilege reserved in the agreement defendant termi-

nated its contract in January, 1932, and thereafter sent to plaintiffs an account showing that there was due to the plaintiffs the sum of $3,177.64, and accompanied it with a check which stated that it was in full settlement of all claims and demands. Plaintiffs replied expressing their willingness to accept the check but declining to do so upon those terms, whereupon defendant again sent it to plaintiffs with a letter stating in effect that the amount was due but that it would not withdraw the condition. The plaintiffs thereupon again returned the check to the defendant, lest there arise an accord and satisfaction. Then followed this suit.

The only matter in dispute between the parties was whether the defendant was liable for the loss sustained by a sale to one Tananbaum, who had fallen into financial difficulties in January, 1932. Sometime before, the selling agent had invoiced a bill of goods to Tananbaum of the value of $4,832.89, payable on December 3, 1931. Tananbaum complained about the quality of the merchandise. Defendant thereupon, on October 28, 1931, wrote to plaintiffs calling attention to the dispute and charging plaintiffs' account with the amount of this sale. Thereafter the dispute was settled between plaintiffs and Tananbaum by an allowance of the sum of $758.10 as a credit against the amount due. Defendant by letter dated November 12, 1931, after referring to the fact that its responsibility under the agreement had ceased, in view of the prior dispute and that the amount had been charged back to plaintiffs, stated that defendant would continue its credit checking on that account up to December 3, 1931, " after which time any responsibility we may have as to this item is to cease and is to be of no force and effect." The letter also refers to defendant's reinstating its responsibility for that item as indicated in the letter. It requested written acknowledgment and acceptance, which was sent by plaintiffs. There is no dispute that the sale to Tananbaum required payment by Tananbaum of the amount due on or before December 3, 1931. After Tananbaum's financial difficulties became known, defendant in January, 1932, disclaimed responsibility for the Tananbaum loss.

The affidavit submitted on behalf of defendant does not and cannot well claim that the guaranty of Tananbaum's account terminated on the day when it fell due, and that if Tananbaum did not pay it on that date and subsequently became insolvent, it was relieved from liability. That contention would be absurd.

Clearly defendant is liable for the Tananbaum claim in the net sum of $4,074.79, unless a triable issue is presented with respect thereto.

The answer contains a counterclaim in the sum of $1,000 for which

it is claimed that plaintiffs are liable, inasmuch as under the contract they were to hold defendant harmless from any risk or expense in connection with any claim or dispute arising thereunder, and in seeking to enforce liability here, plaintiffs are causing the defendant an expenditure and damage in the sum of $1,000 for which defendant demands recompense of plaintiffs. The contract cannot, however, be made to yield such a conclusion, for the dispute therein referred to was such as might arise under the contract and did not embrace the expenses of the principals in any litigation which might ensue between them.

In the affidavit submitted by the defendant's secretary, which is largely argumentative, we find the conclusion stated that before December third plaintiffs had granted to Tananbaum an extension of thirty days without the knowledge and consent of the defendant. This is expressed not as a fact but as a reason for a denial of plaintiffs' statement that it had relied upon the reassumption of liability by defendant under its letter of November 12, 1931. Defendant does not, however, in its brief place any reliance upon this statement which is not authenticated by any fact. If the plaintiffs did attempt to extend Tananbaum's time, after defendant had acquired that account, such act on their part would be of no force whatsoever, inasmuch as the claim against Tananbaum then belonged to defendant and it alone could enforce or relent. If defendant actually wished to litigate that issue it should have by its affidavit set forth facts which would show that such was a triable contention.

We, therefore, conclude that the judgment and order appealed from should be modified by striking out the counterclaim and by providing that plaintiffs are entitled to a judgment against defendant in the sum of $7,252.43, with interest on $4,074.79 thereof from the 3d day of December, 1931, and on $3,177.64 thereof from March 1, 1932, and the costs awarded to plaintiffs by the judgment appealed from, and as so modified affirmed, with costs to the appellants.

FINCH, P. J., and MERRELL, J., concur; MARTIN, J., dissents; McAvoy, J., taking no part.

Judgment and order modified by striking out the counterclaim and by providing that plaintiffs are entitled to a judgment against defendant in the sum of $7,252.43, with interest on $4,074.79 thereof from the 3d day of December, 1931, and on $3,177.64 thereof from March 1, 1932, and the costs awarded to plaintiffs by .the judgment appealed from, and as so modified affirmed, with costs to the appellants. Settle order on notice.